# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS MCAFEE,<br><br>        Plaintiff,<br><br>    v.<br><br>PARKWAY INN MOTEL, et al.,<br><br>        Defendants. | Case No. 1:17-cv-01372-DAD-SAB<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Curtis Mcafee ("Plaintiff"), proceeding pro se in this action, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint filed on October 12, 2017. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against Parkway Inn Motel, Daljit Singh, Kaur Surinder, and Cristiano Lopes alleging unreasonable search and seizure and excessive force in violation of the Fourth Amendment. (Compl. pp. 1-2.) Daljit Singh and Kaur Surinder are the owners of the Parkway Motor Inn and instructed their employee to carry a taser and pepper spray while acting

as a private security guard. (Compl. ¶ 4.)

On or about April 29, 2017, Plaintiff went downstairs to ask the motel manager for towels. (Compl. ¶ 5.) Plaintiff approached Daljit Singh, who also goes by the name Sally, and said, "hi how was your day and can he please have towels." (Compl. ¶ 5.) She responded, "sure." (Compl. ¶ 5.) Plaintiff looked at the security guard, said hi and asked about his day. (Compl. ¶ 5.) At this time, Plaintiff heard a yell. (Compl. ¶ 5.) Plaintiff turned to look behind him to see who was yelling and as he turned back around Christian Lopes sprayed him in the face, saying "gun" and "Where is the girl?" (Compl. ¶ 5.) The police were called and Plaintiff was forced to come out of his motel room. (Compl. ¶ 5.) Plaintiff's room and a folder containing his personal legal documents were searched. (Compl. ¶ 5.)

The Fresno Police Department determined that Plaintiff did not have a gun. (Compl. ¶ 5.) Plaintiff was taken to the hospital and had solution poured into his eyes for two hours. (Compl. ¶ 5.) The doctor told Plaintiff that both of his eyes were damaged. (Compl. ¶ 5.) Plaintiff also suffered burn marks to his face and skin. (Compl. ¶ 5.)

Daljit Singh told Plaintiff that he could come back to the motel and that she was sorry. (Compl. ¶ 8.) When Plaintiff returned to the motel, the motel staff and security guard made a false police report and told the Fresno Police Department that Plaintiff made threats and came to the motel looking for the security officer. (Compl. ¶ 8.)

During the same month that this incident occurred, Plaintiff also saw Defendants' security guard pull his gun on another person at the motel and tell another person that he was a bitch and always a little bitch. (Compl ¶ 6.) Plaintiff also observed the security guard trying to forcefully evict another resident from his room under the supervision of Kaur Surinder and Daljit Singh. (Compl. ¶ 6.)

Plaintiff contends that as a direct result of the policies, practices, customs, and procedures of the City of Fresno, he was deprived of his right to be free from unreasonable search and seizure. (Compl. ¶ 3.) Plaintiff alleges that Cristiano Lopes was acting in the course and scope of his employment with the City of Fresno when he pulled out a canister of pepper spray and sprayed Plaintiff in the face. (Compl. ¶ 3.) Plaintiff seeks monetary damages and injunctive

relief. (Compl. p. 5.)

## III.

## DISCUSSION

"Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials. " Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

"A person acts under color of state law, if he exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997) (internal punctuation and citations omitted). "Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." Dang Vang v. Vang Xiong X. Toyed, 944 F.2d 476, 479 (9th Cir. 1991) (citations omitted).

In this instance, Plaintiff has named as defendants the motel, the owners of the motel, and their private security guard. Plaintiff brings this action against the Parkway Inn Motel which is owned by Daljit Singh and Kaur Surinder. Plaintiff has not alleged that the motel owners are state or local officials. As such the Parkway Inn Motel would be a private, not a public, entity. The complaint is devoid of any allegations to demonstrate that Parkway Inn Motel, Daljit Singh, or Kaur Surinder acted under color of state law. "[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." Ouzts v. Maryland Nat. Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974); see also Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (there is no right to be free from the infliction of constitutional violations by private actors). Accordingly, Plaintiff fails to state a claim for a violation of section 1983 against Defendants Parkway Inn Motel, Daljit Singh, and Kaur Surinder.

While Plaintiff states that Cristiano Lopes was acting in the course and scope of his

employment with the City of Fresno, Plaintiff has alleged that Cristiano Lopes was employed as a private security guard by Kaur Surinder and Daljit Singh. A private security guard who works independently from local police would not be a state actor. Stanley v. Goodwin, 475 F.Supp.2d 1026, 1039 (D. Haw. 2006), aff'd, 262 F. App'x 786 (9th Cir. 2007); see also King v. Ashley, No. 2:14-CV-1306 KJN P, 2014 WL 3689582, at *2 (E.D. Cal. July 23, 2014) (generally, the actions of private security guards do not constitute state action under section 1983). As stated above, there are no facts alleged to demonstrate that Kaur Surinder and Daljit Singh are public officials. The complaint contains no factual allegations that would lead the Court to reasonably infer that Cristiano Lopes was employed by the City of Fresno or that any of the actions alleged in the complaint would be in the course and scope of such employment. While there are situations in which a security guard could be liable under section 1983, see Stanley, 475 F.Supp.2d at 1038-41, the allegations in the complaint lead the Court to reasonably infer that Cristiano Lopes was working as a private security guard; and therefore, the complaint fails to state a claim for violation of section 1983.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff shall be granted an opportunity to file an amended complaint to cure the deficiencies identified herein. In his amended complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes. If Plaintiff fails to comply with this requirement, the amended complaint shall be stricken from the record.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim for violation of his federal rights. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint, filed October 12, 2017, is dismissed for failure to state a claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **October 16, 2017**

UNITED STATES MAGISTRATE JUDGE

6