# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS MCAFEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PARKWAY INN MOTEL, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01372-DAD-SAB<br><br>FINDING AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY WITH COURT ORDER<br><br>OBJECTIONS DUE WITHIN TWENTY DAYS |

Plaintiff Curtis Mcafee ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 12, 2017. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 17, 2017, Plaintiff's complaint was screened by the undersigned and an order was filed dismissing the complaint with leave to amend for failure to state a claim. (ECF No. 4.) Plaintiff was ordered to file an amended complaint within thirty days of the October 17, 2017 order. After more than thirty days passed and Plaintiff had not filed an amended complaint or otherwise responded to the October 17, 2017 order, findings and recommendations were filed recommending dismissing this action for failure to state a claim and failure to comply with a court order. (ECF No. 5.)

On December 28, 2017, Plaintiff filed an objection to the findings and recommendations.

1

(ECF No. 6.) Based on Plaintiff's contention that he had never received the findings and recommendations, the Court vacated the findings and recommendations and Plaintiff was granted thirty days in which to file an amended complaint. (ECF No. 7.) Plaintiff's amended complaint was due within thirty days of January 3, 2018. Plaintiff has not timely filed an amended complaint.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

1 | In this instance the public's interest in expeditious resolution of the litigation and the
2 | Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file
3 | an amended complaint within thirty days of January 3, 2018. Plaintiff has been provided with
4 | the legal standards that would apply to his claims and the opportunity to file an amended
5 | complaint. Despite being granted two opportunities, Plaintiff has neither filed an amended
6 | complaint nor otherwise responded to the Court's order. Plaintiff's failure to comply with the
7 | orders of the Court hinders the Court's ability to move this action towards disposition, and
8 | indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's October 17, 2017 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim." (ECF No. 4 at 6:19-20.) Plaintiff was again advised in the January 3, 2018 order that failure to file an amended complaint in compliance with the order would result in the recommendation that this action be dismissed for failure to state a claim and failure to comply with court orders. Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order and his failure to state a claim.

1 | Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim and failure to comply with a court order.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty (20) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 7, 2018**

UNITED STATES MAGISTRATE JUDGE